PORTO RICAN LEAF TOBACCO Co., Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 840. Argued April 11, 1931.—Decided April 30, 1931.

*J. H. Brown, C. Ruiz Nazario*, and *G. E. González* for respondent. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

On recording a contract for agricultural advances amounting to some eight hundred dollars (to be advanced by the Porto Rican Leaf Tobacco Company to Narciso Cobián, a planter) a registrar excluded from the entry a clause whereby the planter created a lien upon any remainder of the crop to secure the payment of any other indebtedness that might

be due and owing to the company at the time of settlement, up to the amount of $2,500.

By statutory definition (Session Laws, 1925, p. 346):

"A contract of advances for agricultural purposes is one under which one of the parties thereto turns over and the other party receives, subject to reimbursement, a certain amount of money in cash or species, whether in a lump sum or in different instalments, with which to meet the expenses of administration, maintenance, cultivation and improvement of rural properties, or for the construction, conservation, repair and operation of buildings and machinery devoted to agricultural or industrial purposes in connection with the cultivation or the manufacture of any agricultural product, the products of said properties being answerable and encumbered for the repayment of the amounts received with such interest as may have been agreed upon."

The same section of the law also provides that: "The parties, furthermore, may set forth in the contract such legal covenants as they may deem proper." In order that the "covenant" (*pacto*) so set forth may be recorded as a part of the contract for agricultural advances, it must be germane to the subject matter of that contract or (subject to certain exceptions) at least involve advances made for agricultural purposes. See *Irving Bank-Columbia Trust Co.* v. *Registrar of Caguas*, 33 P.R.R. 847.

In the instant case the contract as a whole purports to be an amplification of a previous agreement for agricultural advances amounting to fifteen hundred dollars already received by the planter. The clause now under consideration must be construed in connection with its context. It is part of a contract for agricultural advances. Aside from the absence of any limitation upon the nature of the indebtedness there is nothing to indicate that the parties had in mind any future business relations essentially different from those already existing between them. Save in so far as extended by the clause in question both contracts related exclusively to the planting and cultivation of tobacco. Any advances for agricultural purposes, in excess of the amounts specified

as such advances in either or both of the contracts, and up to an additional amount of twenty-five hundred dollars would unquestionably be ''indebtedness'' existing at the time of settlement, unless reimbursed before that time. Any unsatisfied balance in favor of the company after exhaustion of the security provided for in the original contract would form a part of such indebtedness. It is a fair inference that the thought uppermost in the minds of the parties was additional security for advances already made and the possibility of further agricultural advances, notwithstanding the fact that the language used was broad enough to cover any other form of indebtedness existing at the time of settlement. In any event, any unpaid balance under the original contract and any future advances in excess of the $800 specified in the new agreement were included in the indebtedness secured by the clause in question. In so far as that clause relates to any indebtedness arising out of either contract for agricultural advances it should not have been excluded.

The ruling appealed from must be reversed.